JAMES P. KEMP, ESQ.
Nevada Bar No. 6375
KEMP & KEMP
7435 W. Azure Dr., Suite 110
Las Vegas, Nevada 89130
(702) 258-1183/(702) 258-6983 fax
jp@kemp-attorneys.com
Attorney for Plaintiff Stefany Hazelett

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
***

| | |
|---|---|
| STEFANY HAZELETT,<br>　　　　　　　　Plaintiff,<br>vs.<br>WAL-MART STORES, INC., a Delaware Corporation,<br>　　　　　　　　Defendant. | Case No.: 3:17-cv-274<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

COMES NOW THE PLAINTIFF, by and through her counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

**I.    JURISDICTION AND VENUE**

The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 in that it arises under the Constitution, laws, or treaties of the United States, specifically the Family and Medical Leave Act, 29 U.S.C. §2601 et seq., as amended (herein "FMLA") and has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over related state claims alleged herein.  Venue is proper in the unofficial Northern Division of the Court in that all of the material events complained of herein took place in Washoe County, Nevada.

1

II.   **CLAIMS FOR RELIEF**

**Factual Allegations Common to all Claims**

1. The Plaintiff is a United States citizen and was at all relevant times mentioned herein, from approximately 2011 through approximately May 1, 2015 an employee at the Defendants' place of business at 2155 USA Parkway in McCarran(Sparks), Nevada.

2. Defendant WAL-MART STORES, INC. is a Delaware corporation and was at all relevant times mentioned herein, authorized to conduct business in the State of Nevada. It maintains a place of business in Washoe County, Nevada.

3. Defendant is an employer under the definitions of "employer" under the FMLA and the Americans with Disabilities Act as amended. (herein "ADA" or "ADAAA").

4. The various violations of law which are alleged herein were committed intentionally and/or willfully by Defendant.

5. Plaintiff was employed by Defendant at its #7048 Distribution center. She was employed for more than 12 months and worked at least 1250 hours in the one year prior to her need for leave under the FMLA arose.

6. On or about May 1, 2015, the Defendant terminated Plaintiff's employment and discharged her.

7. On February 28, 2015 the Plaintiff suffered an industrial accident and injury for which she filed a valid workers' compensation claim. She suffered injuries to her right lower extremity.

8. Her doctor placed her on temporary restrictions that included "no driving" that continued from February 28, 2015 until June 23, 2015. The location of the employment was approximately 33 miles, an approximate 45 minute drive, from the

Plaintiff's residence. Plaintiff had no other reliable way of getting to work other than driving.

9. Plaintiff was initially placed on FMLA leave, but only through March 10, 2015 when the Defendant inexplicably denied her further FMLA leave. She requested one or more accommodations including assistance in getting to work, but these requests for accommodations were denied or ignored.

10. On or about March 10, 2015 Defendant offered Plaintiff a light duty position, but again the Plaintiff was unable to reliably get to work without being able to drive a car and Defendant did not engage in an interactive process to determine whether an accommodation could be provided that would permit her to continue working. Therefore, she could not accept the light duty work at that time, but certainly could have later on or about June 23, 2015 when she was released to be able to drive again.

11. On May 1, 2015 Plaintiff received a call from Bobbie Buist from Defendant's Human Resources department. Buist told Plaintiff that Plaintiff's FMLA request was not approved and would not be approved and told Plaintiff that she was terminated for poor attendance.

12. From February 28, 2015 and at the time of her termination, the Plaintiff was a person with a disability as defined under the ADAAA because she had a condition that limited her in one or more major life activities.

13. Plaintiff was capable of performing the essential functions of her job with Defendant, with or without a reasonable accommodation. There were reasonable accommodations available that would have permitted the Plaintiff to continue in her employment with Defendant.

3

14. The Plaintiff's disability caused her to have a serious health condition as defined under the FMLA. Plaintiff needed leave on a block or intermittent basis under the Family and Medical Leave Act and had she not been fired from her position on May 1, 2015 it is probable that she would have needed further leave under the FMLA due to her own serious health condition.

15. It was clear to Plaintiff from Defendant's attitude and lack of willingness to provide FMLA leave or a reasonable accommodation under the ADAAA that Defendant was motivated by animus toward the Plaintiff because she had suffered an injury and filed a workers' compensation claim.

16. Plaintiff performed at or above the level that her employer had a reasonable right to expect. Defendants had no genuine and legitimate reason to terminate the Plaintiff's employment and any allegedly non-retaliatory or non-discriminatory reason given by the Defendants is mere pretext for the true reasons of discrimination and/or retaliation as set forth herein.

## A. FIRST CLAIM: VIOLATION OF FMLA

17. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

18. Defendant operates in interstate commerce and, upon information and belief, have over 50 employees within a 75 mile radius of the location where Plaintiff was employed in Washoe County, Nevada. Therefore, Defendants are a "covered employer," as defined at 29 U.S.C. § 2611(4), under the Family and Medical Leave Act 29 U.S.C. §§ 2611-2654 and subject to all provisions stated therein.

19. As a "covered employer" under the FMLA, Defendants are required to offer any "eligible employee," as defined at 29 U.S.C. § 2611(2), up to 12 weeks of leave for of

4

absence "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

20. Plaintiff was an "eligible employee," entitled to the protections of the FMLA having worked for Defendants over 1250 hours during the preceding 12 months and having been employed for approximately four years when her need for leave arose.

21. Plaintiff was qualified to obtain leave under the FMLA in that she had a serious health condition.

22. Plaintiff provided Defendant notice of her need for leave or intermittent time off by the furnishing a doctor's note to Defendant, or Defendant's duly authorized agent(s), such that Defendant received sufficient notice to trigger its responsibility to provide leave under the FMLA.

23. By taking the adverse action of terminating Plaintiff on May 1, 2015, while she was seeking approval of FMLA leave, Defendant violated 29 U.S.C. § 2615(a)(1) by unlawfully interfering with, denying, or restraining Plaintiff's right to medical leave under the FMLA. This would include Plaintiff's future need for leave or intermittent leave under the FMLA.

24. By taking the adverse employment action of terminating Plaintiff's employment on May 1, 2015, the Defendant retaliated and discriminated against the Plaintiff because she requested leave under the FMLA to cover her own serious health condition that arose from her February 28, 2015 industrial injury.

25. Defendant's violations of the FMLA were willful and without justification.

26. Defendant's acts were done with malice and oppression and with Defendant's conscious disregard for the rights of Plaintiff and with a certainty of knowledge that Plaintiff would be injured by Defendants' acts in violation of the FMLA.

5

27. Defendant is liable to Plaintiff for violating her rights under the FMLA.

28. Plaintiff has been damaged in an amount to be proven at trial.

29. Plaintiff is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 2617 (a)(1)(A) and (B) including, but not limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendant's violation of the FMLA; liquidated damages as provided for under the FMLA; interest as provided for under the FMLA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the FMLA and/or front pay in lieu of employment or reinstatement.

30. Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to 29 U.S.C. § 2617(a)(3) for having to incur costs and fees associated with the exercise of her legal rights and remedies through this action.

**B. SECOND CLAIM: RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY UNDER NEVADA LAW.**

31. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

32. Plaintiff's employment was terminated by Defendants in retaliation for her being injured on the job and her filing of a valid Workers Compensation claim and, thus, exercising her rights under the Nevada Industrial Insurance Act.

33. Termination of Plaintiff's employment was in violation of strong public policy of the state of Nevada.

34. Plaintiff suffered mental anguish, embarrassment, shame, loss of reputation, and emotional distress as a direct and proximate result of Defendant's actions.

35. Plaintiff has suffered and will suffer lost wages and/or benefits as a direct and proximate result of the actions of the Defendant.

36. The actions of the Defendant were willful, malicious, fraudulent, or oppressive, and calculated to discourage Plaintiff and other of Defendant's employees from pursuing their rights under Nevada law.  The Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

37. Plaintiff should be reinstated to her position with all wages, benefits, and seniority restored as though the unlawful and tortious termination had never occurred.

38. Plaintiff has been required to hire an attorney and expend fees and costs to pursue her rights through this action.

### C.  RESERVATION OF RIGHTS UNDER AMERICANS WITH DISABILITIES ACT.

39. Plaintiff has filed a timely charge of discrimination and retaliation under the Americans with Disabilities Act of 1990 (ADA) as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) with the United States Equal Employment Opportunity Commission (EEOC), Charge # 550-2016-00274.

40. Plaintiff will exhaust her administrative avenues with respect to that charge in good faith.

41. Should the charge not be resolved to her satisfaction through the EEOC administrative process, the Plaintiff reserves the right to seek to amend this Complaint, or any subsequent Amended Complaints, to bring her claims under the ADAAA, or in the alternative to bring an independent action under the ADA/ADAAA once the claim becomes ripe for court action.

### III. DEMAND FOR JUDGMENT FOR RELIEF

The Plaintiff prays judgment against the Defendants, and each of them, as follows:

A. For all applicable remedies under the Family and Medical Leave Act including, but not limited to the following:

1. For lost wages and back pay;

2. For the lost value of employment benefits;

3. For liquidated damages under the Family and Medical Leave Act;

4. For Attorney fees;

5. For costs of suit;

6. For interest on items 1 and 2 above;

7. For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;

8. For a trial by jury of all issues that may be tried to a jury;

9. For equitable and injunctive relief including an order of reinstatement to employment, or front pay in lieu of reinstatement as set forth herein;

10. For such other and further relief as the court may deem just and equitable.

B. Pre-judgment and Post-judgment interest on all applicable sums due.

C. For lost wages, general and compensatory damages, reinstatement to employment or front pay in lieu of reinstatement, and punitive damages for Plaintiff's claim of common law retaliatory discharge in violation of public policy.

///

///

///

8

D.  For trial by jury on all issues that may be tried to by a jury.

E.  For such other and further relief as the Court may deem just and proper.

DATED this 30th day of April, 2017.

           /s/ James P. Kemp
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff